UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MARIE ROSE OTERO, ET AL.,
Plaintiffs,

v.

MUNICIPALITY OF SAN JUAN, ET AL.,
Defendants.

Civil No. 98-2011 (HL)

**OPINION AND ORDER**

This negligence case is before the Court under the aegis of the diversity jurisdiction statute, 28 U.S.C. § 1332. Before the Court is Defendant Municipality of San Juan's ("San Juan") Motion to Dismiss, Dkt. No. 4, and Plaintiffs' Opposition, Dkt. No. 5. For the reasons set forth below, San Juan's Motion to Dismiss is hereby granted.

From March to August of 1997, Plaintiff Marie Rose Otero ("Otero") received prenatal care at the San Juan Municipal Hospital ("Hospital"). Plaintiff alleges that due to the negligent treatment rendered her by a pair of doctors at the Hospital, Plaintiff did not find out about her fetus' developmental problems until the baby was born on September 23, 1997. The baby died the same day apparently due to massive developmental defects in her head and other complications.

Although Otero's baby died on September 23, 1997, Otero did not bring suit in federal court until September 4, 1998. Because of this, San Juan argues, Otero's claim is




AO 72A
(Rev.8/82)

Civil No. 98-2011 (HL)                                      2

barred by Puerto Rico's statute governing actions against a municipality, P.R. LAWS ANN. tit. 21, § 4703 (Supp. 1997). That statute imposes a requirement that any person bringing a negligence claim against a municipality must notify the Mayor in writing of the details of the claim within 90 days of the date on which the claimant learned of the damages claimed. *Id.* The statute goes on to say under a subsection entitled "Jurisdictional requirement" that "[n]o legal action of any kind shall be initiated against a municipality for damages due to negligence unless written notification is made in the form, manner and terms provided in this subtitle." *Id.*

Although Otero argues that strict application of the notice statute is inappropriate, this assertion directly contradicts the plain language of § 4703's notice requirement. In addition, the case law construing the statute is unequivocally opposed to Otero's position. In *Colon v. Ramirez*, 913 F.Supp. 112 (D.P.R. 1996), *aff'd*, 107 F.3d 62, the district court construed both § 4703 and the case law from the Puerto Rico Supreme Court.[1] The court pointed out that the Puerto Rico Supreme Court has only recognized exceptions to § 4703 in narrow circumstances, such as contract claims and mandatory counterclaims. *Id.* at 121. In typical negligence cases, however, § 4703 imposes a "strict condition precedent for suing a municipality." *Id.* Otero does not contest that she did not comply with this notice

---

[1] See also, *Garcia v. Municipality of Juncos*, 1998 WL 758097 (D.P.R. 1998); *Santiago v. United States*, 884 F.Supp. 45 (D.P.R. 1995).

AO 72A
(Rev.8/82)

Civil No. 98-2011 (HL) 3

requirement. Since Otero did not comply with §4703's strict notice requirement, Plaintiffs' claim against the Municipality of San Juan is barred and thus is hereby dismissed.

Plaintiffs' only remaining claims are against various "John Doe" defendants. These unidentified doctors, doctors' spouses, and insurers are fictitious defendants named by Plaintiffs until Plaintiffs can discover their identities. Obviously, these fictitious defendants have no provable state of citizenship for purposes of diversity jurisdiction. Although the First Circuit has not directly addressed this issue, and at least one federal court has concluded that the use of John Doe defendants does not affect complete diversity,[2] the Seventh Circuit has concluded otherwise via reasoning that this Court finds persuasive.

In *Howell v. Tribune Entertainment Co.*, 106 F.3d 215 (7th Cir. 1997), Chief Judge Posner explained that "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell*, 106 F.3d at 218 (citing *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996); *United States Fire Ins. Co. v. Charter Financial Group, Inc.*, 851 F.2d 957, 958 n. 3 (7th Cir. 1988)). In that case, the court gave the plaintiff the choice of either having the John Doe defendants dismissed to preserve diversity or having the entire case dismissed. *Id.* at 218. In this case, though, the only identifiable defendant, San Juan, has been dismissed. Thus, there is no way for the

---

[2] See, e.g., *Macheras v. Center Art Galleries-Hawaii, Inc.*, 776 F.Supp 1436 (D.Haw. 1991).

Civil No. 98-2011 (HL)                                            4

Court to offer Plaintiffs this option and preserve diversity.  Because Defendant San Juan is no longer a party to this case, diversity is lacking, and this Court lacks subject matter jurisdiction.  Plaintiffs' remaining claims are hereby dismissed.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 15, 1999.

HECTOR M. LAFFITTE
Chief U.S. District Judge

Civil No. 98-2011 (HL)                                            4

Court to offer Plaintiffs this option and preserve diversity.  Because Defendant San Juan is no longer a party to this case, diversity is lacking, and this Court lacks subject matter jurisdiction.  Plaintiffs' remaining claims are hereby dismissed.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 15, 1999.

HECTOR M. LAFFITTE
Chief U.S. District Judge